Case 4:21-cv-02934 Document 17 Filed on 06/16/22 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO RAMOS, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-2934 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner filed this *pro se* state inmate habeas petition challenging his 2017 parole revocation. Respondent filed a motion for summary judgment premised on expiration of limitations (Docket Entry No. 9), to which petitioner filed a response in opposition (Docket Entry No. 12).

Having considered the motion, the response, the record, and the applicable law, the Court **DISMISSES** this lawsuit as barred by limitations.

**I. BACKGROUND AND CLAIMS**

The Texas Board of Pardons and Paroles (the "Board") revoked petitioner's parole on December 7, 2017, following a preliminary and final hearing. Petitioner filed an application for state habeas relief challenging the revocation on April 16, 2021, which was denied by the Texas Court of Criminal Appeals without a written order on June 23, 2021.

Petitioner filed the instant petition for federal habeas relief on September 3, 2021, raising the following claims for relief:

1. No probable cause was presented at his preliminary hearing;

2. He was incarcerated over 41 days without an indictment, in violation of Texas law;

3. His parole was revoked without the adjudication of a new case, in violation of Texas law;

4. The parole hearing officer violated Board rules;

5. Counsel provided ineffective assistance by failing to investigate the law governing parole revocation; and

6. The Board relied on incorrect information to revoke his parole and violated the "ex post facto" clause.

Respondent asserts that these claims are barred by the applicable AEDPA one-year statute of limitations and should be summarily dismissed.

## II. LIMITATIONS ANALYSIS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner's parole was revoked on December 7, 2017, which is the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Absent any applicable tolling provision, the one-year limitations period commenced on December 7, 2017, and expired one year later on December 7, 2018. *See Sanford v. Thaler*, 481 F. App'x 202, 203, 2012 WL 2937467 (5th Cir. July 19, 2012) ("Because Sanford is challenging a parole revocation decision, the limitation period began to run on 'the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence.' § 2244(d)(1)(D)."). Here, petitioner's application for state habeas relief, filed with the trial

court on April 16, 2021, was filed after expiration of limitations and had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas application filed after the expiration of the AEDPA limitation). The instant federal habeas petition is untimely by over two-and-one-half years.

Petitioner does not show in his response that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does he show a newly recognized constitutional right upon which his petition is based under 28 U.S.C. § 2244(d)(1)(C). He establishes no entitlement to equitable tolling. Accordingly, there is no statutory or other basis to save petitioner's untimely federal petition. Respondent is entitled to summary judgment dismissal of this lawsuit as barred by limitations.

### III. CONCLUSION

The motion for summary judgment (Docket Entry No. 9) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all pending motions are **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 16th day of June, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4